# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FLOYD O. HUNT, JR.,** ) | |
| ) | Case No. 7:21CV00152 |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RICK WHITE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Floyd O. Hunt, Jr., Pro Se Petitioner.*

Floyd O. Hunt, Jr., a Virginia inmate, has submitted a letter to the Court that will be construed as a motion to reconsider the prior dismissal upon his motion of his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition). For the reasons that follow, the motion will be denied.

Hunt's previous Petition challenged the life sentences imposed on him in 2017 for rape and other related felonies. The Petition was submitted to the Eastern District of Virginia on February 24, 2021, and transferred to this District on March 15, 2021. The Petition was filed by this Court, conditioned on Hunt consenting to the assessed filing fee. The Conditional Filing Order entered April 9, 2021, contained a footnote advising Hunt that online records from the Pittsylvania County, Virginia, Circuit Court suggested that an active state habeas case was still pending in that court. Thus, the footnote stated that Hunt may not have fully exhausted his state court remedies

on all claims as required by 28 U.S.C. § 2254(b).  Conditional Filing Order 1 n.1, ECF No. 4.

On April 22, 2021, Hunt sent in his Consent to Fee, satisfying the condition set forth in the Conditional Filing Order.  As the Court prepared to serve the Petition on the Respondent, Hunt moved for a voluntary dismissal of his Petition so that he could exhaust his state court remedies.  Mot., ECF No. 6.  The court granted his motion on May 13, 2021.  Order, ECF No. 7.

In October 2021, Hunt refiled his Petition in a new case, No. 7:21CV00534, and paid the filing fee.  The Respondent moved to dismiss on several grounds, including that the Petition was untimely and that some issues had not been properly exhausted.  After reviewing the pleadings of both parties and the full paper record from the state proceedings, the refiled Petition was dismissed as untimely.  *Hunt v. White*, No. 7:21CV00534, 2022 WL 4534442 (W.D. Va. Sept. 28, 2022), *appeal docketed,* No. 22-7342 (4th Cir. Nov. 21, 2022).

In his present letter-motion, Hunt complains that his first Petition filed in this case should have been considered rather than dismissed.[1]

The problem with Hunt's argument is that the Court did not dismiss his first petition because it was unexhausted.  It was dismissed because Hunt asked the court

---

[1] The Clerk also filed a copy of Hunt's letter in Case No. 7:21CV99534, ECF No. 37, but it is clear that Hunt intended it to concern the present case.

2

for a voluntary dismissal, something which he was entitled to request for any reason or for no reason at that point in time. Hunt could have requested that the court proceed with the claims that had been exhausted on direct appeal, but he did not do so. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (court may allow petitioner to delete unexhausted claims and proceed with exhausted ones).

Even though the online state court records had incorrectly indicated that the state habeas was still pending, the state court had dismissed the state habeas petition over one month before Hunt filed his federal Petition. Hunt never appealed the state court dismissal to the Supreme Court of Virginia, and the time to do so had passed before he filed his federal Petition.[2] Accordingly, any issues presented in the state habeas case had not been fully exhausted because they were never timely presented to the Supreme Court of Virginia. At the time his first federal petition was filed, it was too late for Hunt to exhaust his state court remedies because the time for an appeal had expired. Had this Court considered the claims on the merits, they would have been considered simultaneously exhausted and defaulted. *Gray v. Netherland*,

---

[2] After requesting voluntary dismissal of his first federal petition, Hunt filed an original petition for habeas in the Supreme Court of Virginia, apparently trying to present the issues before the state's high court for exhaustion. However, Virginia does not permit second habeas petitions challenging issues that were known at the time the first habeas was filed. Va. Code Ann. § 8.01-654(B)(2). Therefore, Hunt's petition in the Supreme Court of Virginia was not a properly filed habeas and could not toll the federal statute of limitations under 28 U.S.C. § 2244(d)(2). Only a properly filed state petition will toll the federal statute of limitations. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

518 U.S. 152, 162 (1996). Such claims are also defaulted for purposes of federal habeas review. *Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990). Before a federal court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice because of the claimed federal violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Hunt cannot show good cause for his procedural default of his state habeas claims. He simply failed to appeal, apparently not realizing that he needed to present the issues to the Supreme Court of Virginia. Good cause requires the existence of some objective factor, external to the defense and not attributable to the prisoner. *Id.* at 756–57. Ignorance of the law is not cause for default. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") The defaulted state habeas claims presented in Hunt's first federal petition, if not withdrawn, would have been dismissed for failure to overcome procedural default.

Nor would Hunt have fared any better on the merits of his claims (1) that the rape victim's testimony at trial was incredible as a matter of law and (2) that the evidence was insufficient to support his convictions. Those claims had been rejected by the Court of Appeals of Virginia and summarily rejected by the Supreme Court of Virginia, which refused the petition for appeal. When a claim has been adjudicated on the merits in state court, the federal habeas court may grant relief

4

only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A decision is contrary to federal law only if it reaches the opposite result from the Supreme Court on facts that are materially indistinguishable from the Supreme Court case's facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). To be an unreasonable application of law or unreasonable determination of facts, the state court's decision must be "so lacking in justification that there was an error well understood . . . beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The question is not whether a federal court believes the state court's decision is incorrect, but whether the decision was unreasonable, a substantially more stringent standard. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Because the Supreme Court of Virginia summarily refused to hear the appeal, the written opinion of the Court of Appeals of Virginia is the last reasoned state court opinion. When there has been a reasoned state court opinion rejecting a claim, a federal habeas court must presume that later summary orders rejecting the same claim rest upon the same reasoning as the earlier decision. *Ylst v. Nunnemaker*, 501

U.S. 797, 803 (1991). Thus, this court looks through the high court's refusal of the appeal to the reasoning of the court of appeals. The deferential standard of review prescribed by § 2254(d) applies to the court's review of the appellate court's opinion.

In response to Hunt's claim that the victim's testimony was inherently incredible and unworthy of belief, the state court noted that the jury accepted the victim's testimony and rejected Hunt's testimony that the sexual acts were performed with the victim's consent. The state court thus reasonably held that determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact. A federal habeas court similarly has "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (internal quotation marks and citation omitted). Applying the controlling law and the deferential standard of review, Hunt could not have prevailed on this claim, and it would have been dismissed on the merits by this Court.

Likewise, Hunt's claimed violation of due process based on insufficient evidence to support the conviction would have also failed. To prove such a violation, Hunt must show that, viewing the evidence in the light most favorable to the prosecution, no reasonable person could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). That

was the standard applied by the state court. The state court noted that the uncorroborated testimony of the victim, if believed by the factfinder, is sufficient to support a rape conviction. The court further summarized other evidence that corroborated the victim's testimony in this trial, including the blood on her pillowcase and genital injuries inconsistent with consensual sex. Because some evidence supports the conviction, the state court's decision affirming the conviction is reasonable. Hunt could not have prevailed on the merits of this claim, and it would have been dismissed.

The Court did not err in granting Hunt's request for a voluntary dismissal. Further, he has not been prejudiced by the dismissal of his later untimely petition because he could not have prevailed on his claims on the merits. For these reasons, it is **ORDERED** that the present motion, ECF No. 8, is DENIED.

ENTER: February 3, 2023

/s/  JAMES P. JONES_____
Senior United States District Judge